**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Tameisha Campbell,<br><br>Plaintiff,<br><br>v.<br><br>Department of Human Services,<br><br>Defendant. | Case No. 26-cv-4885 (DWF/DJF)<br><br><br><br>**ORDER** |

---

This matter is before the Court on Plaintiff Tameisha Campbell's Application to Proceed *In Forma Pauperis* ("IFP Application") (ECF No. 2). For the following reasons, the Court denies the IFP Application without prejudice.

The "central question" when assessing an application to proceed *in forma pauperis* (IFP) "is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Just.*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)); *see also, e.g.*, *Chavakula v. Christian Heritage Broad., Inc.*, No. 26-cv-3001 (ECT/DJF), 2026 WL 3033770, at *1 (D. Minn. Oct. 9, 2026). The IFP Application states that Ms. Campbell has earned about $98,000 in the past year, has been employed by the State of Minnesota since July 2024, and expects to earn about $5,200 next month. (*See* ECF No. 2 at 2.)[1] She also reports a checking

---

[1] The IFP Application lists Ms. Campbell's employer as "State MN/DCYF/DHS" and her dates of employment as "7/24–present." (ECF No. 2 at 2.) But her Complaint alleges the Defendant Department of Human Services terminated her employment on April 24, 2026. (*See* ECF No. 1 ¶¶ 10–11.) The IFP Application does not explain this apparent discrepancy (e.g., by indicating whether Ms. Campbell has since obtained other employment with the State of

account balance of about $2,000 and no dependents. (*See id.* at 3–4.) Given this income, the Court cannot conclude that paying the filing fee would cause Ms. Campbell undue hardship or deprive her of life's necessities.[2]

The Court therefore denies the IFP Application. But this denial is without prejudice. Ms. Campbell may reapply if she believes that additional information would affect the Court's decision. Otherwise, she must pay this action's filing fee. If she does neither by **December 11, 2026**, the Court will recommend dismissing this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Tameisha Campbell's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

2. By **December 11, 2026**, Ms. Campbell must either: (1) pay this action's filing fee; or (2) submit a new application to proceed *in forma pauperis* in this action. If she does neither, the Court will recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

---

Minnesota). If Ms. Campbell is no longer employed and believes that this would affect the Court's decision, she may submit a new IFP Application with updated information.

[2] Ms. Campbell states that her net pay is "significantly lower" than her gross pay, that she is "on one income," and that she has medical bills from emergency room and specialist care. (ECF No. 2 at 4.) But the $5,200 she expects to receive next month exceeds her reported monthly expenses, which already include $300 for medical and dental costs. (*See id.*) She does not estimate the additional outstanding medical bills. (*See id.*) The Court also notes that her explanation in the IFP Application is cut off midsentence: it ends "due to being on one income and hav[.]" (*Id.*) The Court has considered the available portion. If the remainder might affect the Court's decision, Ms. Campbell may include it in a new IFP application.

Dated: November 20, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge